## CHARLES AMORY & others *vs.* ESTHER S. GREEN & others.

A testator, living in this commonwealth, devised his estate to trustees with directions, upon the marriage of his daughter " to invest for her benefit any sum of money, not exceeding twenty thousand dollars, in such dwelling-house, land, furniture and household goods, as they may deem proper for her, and to hold the same in the names of said trustees during her life;" with a power of re-investment. In 1858, after the testator's death, she married a citizen of North Carolina. In 1866 the trustees, not having acted upon the above direction, applied to this court for instructions as to their power and duty. *Held*, that they have authority, in their discretion, to invest the money in a dwelling-house, land, furniture and household goods in North Carolina, and to decide upon the proper apportionment of it among the different kinds of property named.

BILL IN EQUITY, in the nature of a bill of interpleader, brought by the trustees under the will of John S. Ellery, which was proved in December 1845, to obtain the instructions of the court as to their duty. The material portions of the will were as follows :

The testator devised the remainder of his estate, after certain specific bequests, to trustees, " to hold, lease and demise the real estate and invest the personal property and the proceeds of any sale or sales of the real estate, should they sell the same, in the care of the Massachusetts Hospital Life Insurance Company, or in real estate, or in stock or promissory papers of said commonwealth [of Massachusetts] or of the city of Boston, or loan the same on mortgage of real estate situate in said Boston, as they shall deem safe and advantageous ; " and, after making provision for his wife, " to pay all the residue of said net rents, interest and income, during the natural life of my wife, and the whole thereof from and after her decease, to my only and beloved child, Esther Sargent Ellery, semi-annually, during her natural life, to and for her sole use and benefit," and, after her death, to her issue ; and, in default of such issue, " to the child or children then living of Thomas C. Amory," and to the issue of such children. " I direct my trustees, upon the marriage of my said daughter, to invest for her benefit any sum of money not exceeding twenty thousand dollars in such dwelling-house, land, furniture and household goods as they may deem proper for her, and

to hold the same in the names of said trustees during her life." The trustees were authorized to sell the real estate thus purchased, at their discretion, and invest "the proceeds of such sale in some other real estate, to be held and appropriated by said trustees for her use and benefit during her life, or in personal property, paying to her the net income for life, for her own use; and upon her death the property thus purchased was to be disposed of in the same manner as the residue above named.

It appeared, at the hearing, that in May 1858 the testator's daughter was married to Wharton J. Green of Warrenton, North Carolina, and has had by him two children who are now living; and they for a long time have resided at Warrenton. No investment has ever yet been made in a dwelling-house, land, furniture or household goods for her benefit, under the will, and no request for such investment was ever made until June 1866, when the trustees received a letter from her and her husband requesting the trustees to purchase for her the dwelling-house and farm at Warrenton upon which she and her husband have lived for some years, and now held in common by her husband and the heirs of his father. There was some evidence as to the value and character of the premises, and its fitness as an investment.

The case was reserved by *Gray*, J., for the determination of the full court.

*B. Dean*, for Mr. and Mrs. Green.

*C. B. Goodrich & I. J. Austin*, for Mrs. Austin, a child of Thomas C. Amory. An investment of the trust property or any part of it in real estate situated out of this commonwealth would be contrary to the intent of the testator. The provisions of the will show that he contemplated an investment somewhere in the vicinity of the trustees. A court of equity will not permit trust property to be invested beyond its jurisdiction. *Stuart* v. *Stuart*, 3 Beav. 430. *Ex parte Copeland*, Rice Eq. (S. C.) 69. And the court may control the discretion of the trustees. *Webb* v. *Shaftesbury*, 7 Ves. 480. *Walker* v. *Shore*, 19 Ves. 392. *De Manneville* v. *Crompton*, 1 Ves. & B. 359. *Milsington* v. *Mulgrave*, 3 Madd. 491. The investment asked for is imprudent

because it is in a state recently in rebellion, where titles to real estate may be in confusion; and because it will be a purchase of the husband's property, and there will be danger of undue influence and control on his part.

*W. S. Leland,* for certain other respondents, submitted the case without argument.

HOAR, J. The plaintiffs, trustees under the will of John S. Ellery, seek by their bill the direction of this court in the execution of their trust. Two questions are presented, upon which they have found a legal difficulty and uncertainty arising from adverse claims of parties interested, and they are entitled, for their own protection, to the advice and instruction of the court upon them.

The will authorized the trustees, upon the marriage of the testator's daughter, " to invest for her benefit any sum of money, not exceeding twenty thousand dollars, in such dwelling-house, land, furniture and household goods as they may deem proper for her, and to hold the same in the names of said trustees during her life ; " with a power of re-investment. She was his only child, and he had given the greater part of his large fortune for the benefit of her and her issue. We are all of opinion that there is no legal objection to making this investment at a place out of this commonwealth, if in the judgment of the trustees it is a suitable and proper place for her residence, under all the circumstances of the case. There is no limitation of place in the language of the will itself; and the obvious purpose of the provision is such that the ordinary rules relating to investments by trustees have little application. The testator could not know what marriage his daughter would make ; and the house and furniture might be equally important to her comfort, whether her husband's business or social relations, or her own health or tastes, might lead to the choice of a residence in this or some other state or country. The principal object of the gift was not pecuniary profit, or the convenience of the trustees, but to secure for his daughter and her family the comforts of a home. There is nothing in the policy of the law, or that we can find in the apparent wishes of the testator, to restrict her choice in

marriage to a citizen of Massachusetts, or to impose as a condi-tion that she should continue her residence here.

Nor is the time which has elapsed since the marriage an ob-jection to the investment being now made. It was to be made "upon her marriage;" but it was designed as a provision for her through life, and may be made at such convenient time, having due regard to her situation and wishes, whenever, after the marriage, the trustees should think proper.

The amount to be invested, within the limit fixed by the will; how much of it should be put into a dwelling-house, and the land connected with it, and how much into furniture or other household goods; the suitableness of the place; the price at which the property can be obtained, and all the considerations which may make a purchase desirable or otherwise, having a due regard to the wishes, condition and relations of Mrs. Green, are matters upon which the trustees should exercise a sound discretion, for which we can see no occasion, and do not there-fore think it our duty, to substitute the discretion of the court.

The cases cited to show that a court of equity will control the exercise of the discretion of trustees when there is cause for such intervention, undoubtedly support that proposition. The discretion given them confers no arbitrary or capricious author-ity; and we should take care that a power confided to trustees be honestly exercised for the benefit of the *cestui que trust*. In this case, however, there is nothing to show that they are not ready and competent to do their duty considerately, kindly and wisely.

Reasonable costs and expenses of the suit are to be allowed to all the parties from the fund.